DÍAZ, PLAINTIFF AND APPELLEE, *v.* PORTO RICO RAILWAY, LIGHT AND POWER COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action for Damages.

No. 2983.—Decided July 26, 1923.

Decided on the grounds of the opinion delivered in the case of *Díaz* v. *Porto Rico Railway, Light & Power Company, ante,* page 89.

The facts are stated in the opinion.
*Messrs. J. H. Brown* and *C. Ruiz* for the appellant.
*Messrs. Rincón & Vizcarrondo* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.

The grounds of our dismissal have been set forth in a previous opinion, citing the case of *Pardo* v. *Pardo,* 19 P. R. R. 1125.

In the same volume in the case of *Fajardo Sugar Co.* v. *Santiago,* 19 P. R. R. 1129, we reiterated our holding that section 140 of the Code of Civil Procedure had no application to bills of exceptions and the like and we also drew attention to the fact that section 299 of the Code of

Civil Procedure as amended in 1911 was dissimilar to any provision of the Code of Civil Procedure of California.

Counsel now urge upon our attention the theory that section 140 of the Code of Civil Procedure was taken from California and hence presumptively with the interpretation put upon it by that State. We discussed some of the differences of practice in *Pardo* v. *Pardo, supra.* We may add that the rule of construction invoked is subject to a number of exceptions and one of them is when the construction given in the State of origin is in conflict with the obvious meaning of the statute. *Whitney* v. *Fox,* 166 U. S. 637, 647. As we pointed out in *Pardo* v. *Pardo, supra,* the Supreme Court of California did not follow the obvious meaning of the words used. Moreover, by appeal it is the Supreme Court of Porto Rico that acquires jurisdiction over a case and when an extraordinary privilege is invoked it is this court that has the power to grant it, supposing the power to exist. The court below specifically is given only the right to extend the time. It is given no power to create a new term.

The principle more or less applicable to these matters is *interest reipublicæ ut sit finis litium.* When the court below in an order and reasoned opinion refused to create a new term defendant took an appeal from that order and now urges that we should have awaited the perfecting of the record in the later case. The rights of a party to a won judgment could thus be indefinitely postponed. The whole matter of relief, assuming a proper case, should be placed in the court to which the jurisdiction is tranferred.

The motion must be

*Overruled.*

Justices Aldrey and Franco Soto concurred.
Mr. Chief Justice Del Toro concurred in the judgment.
Mr. Justice Hutchison dissented.